## Nusbaum v. Locke and Huleatt.

1. APPEALS—*Order Appointing a Receiver.*—The statute authorizing an appeal from an order appointing a receiver, is designed to provide a speedy and summary method of reviewing interlocutory orders in relation to injunctions and receivers.

2. RECEIVER—*Appointment Without Notice.*—Notice of the application must be given, unless it is clearly necessary to act without notice.

3. RECEIVER—*Appointment Without Notice—Illustration.*—A bill alleged in general terms that the rights of complainants were in imminent danger of being wholly lost, unless the order was made without notice. This was held to be but the conclusion of the pleader. The facts upon which the conclusion was based should have been stated, so that the court could see that the apprehension was well founded.

4. RECEIVER—*Appointment on Ex Parte Application.*—If there is really danger that the property will be wasted or removed from the jurisdiction, and a temporary injunction will not answer the purpose, it may be proper to place the property in the hands of a receiver upon the *ex parte* application.

5. RECEIVER—*Ex Parte Appointment—Powers.*—Upon a bill simply alleging that the defendant is in charge of the goods and selling the same, and that he is insolvent, it is error to appoint a receiver to take possession of the goods, convert the same into cash for the best price obtainable, and to collect the notes, accounts and all choses in action and to bring the money into court for such disposition as may be ordered in the premises.

**Memorandum.**—Bill for the appointment of a receiver, etc. In the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Appeal from an order appointing a receiver. Heard in this court at the November term, 1893. Reversed and remanded. Opinion filed December 22, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, C. M. BRIGGS AND J. H. DYER, ATTORNEYS.

The following rules are laid down by Bispham's Principles of Equity, governing the appointment of receivers:

1. That the power of appointment is a delicate one, and is to be exercised with great circumspection.

2. It must appear that the complainant has a claim to the property, and the court must be satisfied by affidavit hat a receiver is necessary to preserve the property.

Nusbaum v. Locke.

3. That the court never appoints a receiver merely because the measure can do no harm.

4. That fraud or imminent danger, if immediate possession is not taken by the court, must be clearly proved, and

5. That unless the necessity be of the most stringent character the court will not appoint a receiver until the defendant is first heard in response to the application. Bispham's Principles of Equity, 4th Ed., Sec. 577.

As to what is required to justify the court in appointing a receiver without notice, we cite Baker v. Administrator, etc., 32 Ill. 79; Thompson v. Power Mfg. Co., 87 Ala. 733; 6 So. Rep. 928; High on Receivers, Secs. 111 to 113; Verplanck v. Mercantile Ins. Co., 2d Paige, 438 and 450; Grandin v. LaBar, 50 N. W. Rep. 151; Miller v. Wabash R. R. Co., 11 Chicago Legal News; French v. Gifford, 30 Iowa 148; Bisson v. Curry, 35 Iowa 72; 8 N. W. Rep. 451; Howe v. Jones, 57 Iowa 130; 10 N. W. Rep. 299; Railway Co. v. Jewett, 37 Ohio State 649; Briarfield Co. v. Foster, 54 Ala. 622; Ward v. Ward, 90 Ala. 81; 7 So. Rep. 412; Moritz v. Miller, 87 Ala. 331; 6 So. Rep. 269; Martin v. Tarver, 43 Miss. 517; Cook v. R. R. Co., 45 Mich. 453; 8 N. W. Rep. 74; Turnbull v. Lumber Co., 55 Mich. 387; 21 N. W. Rep. 375.

KIMBROUGH & MEEKS, FRANK M. COX and PADEN & GRIDLEY, attorneys for appellees.

PER CURIAM.

This is an appeal from an interlocutory order appointing a receiver.

The statute authorizing such appeals was designed to provide a speedy and summary method of reviewing interlocutory orders in relation to injunctions and receivers.

We have therefore given the case precedence, as required by the act, and will briefly state the conclusion we have reached.

The order was made without notice to the appellant, whose rights were seriously affected, and as a result valuable prop-

erty was taken out of his hands and placed in the control of the receiver who was authorized and required to convert the same into money for the benefit of the creditors of Reichman, from whom appellant acquired it.

The well settled rule is that notice of the application must be given unless it is clearly necessary to act without notice.

No such necessity appeared. It is true the bill alleged, in general terms, that the rights of complainants were in imminent danger of being wholly lost unless the order was made without notice. This was but the conclusion of the pleader. The facts upon which the conclusion was based should have been stated so that the court could see that the apprehension was well founded. If there was really danger that the property would be wasted or removed from the jurisdiction, and that a temporary injunction would not answer the purpose, then it might have been proper to place the property in the hands of a receiver upon the *ex parte* application.

The only fact stated in the bill tending to show such necessity was, that Reichman, who was in charge of the goods and selling the same, was insolvent. This might have warranted a temporary injunction to prevent further sales until the court could, upon satisfactory proof, ascertain whether the fundamental allegations in the bill were probably true.

It is not requiring too much to put the complainant to specific averment of facts (upon which perjury may be assigned if falsely made) showing clearly the necessity for such interference with the property rights of the defendant.

A further objection urged is that the order as entered seems to be a substantial adjudication of the controlling matters alleged in the bill, and we think the objection is well taken. A reading of the order will show that it is not merely an appointment of a receiver for the temporary purpose of preserving the property until the rights of the parties could be ascertained and determined, but it proceeds to adjudicate those rights without proof, save the affidavit attached to the bill.

There was no hearing and no default; indeed, the parties

named as defendants were not before the court; and yet the order, as it appears in the record, finds the bill in all its material allegations to be true, and requires the receiver to take possession of the goods, convert the same into cash for the best price obtainable, and to collect the notes, accounts and all choses in action due the said Reichman, and to bring the money arising from these sources into court for such disposition as might thereafter be ordered in the premises.

This, of course, was erroneous, and no doubt it was inadvertent.

The order appointing the receiver will be reversed and the cause remanded.