Peter C. King, Lesser Franklin and Samuel Herzog v. Edwin Pardridge.

1. Equity Practice—*Improper Verification of the Bill.*—An affidavit in verification of a bill in chancery by the agent of the complainant, stating that he has read the bill of complaint and knows the contents thereof, and knows the same to be true of his own knowledge, except as to such matters and things as are therein stated to be upon his information and belief, and as to those things so stated, he believes them to be true, is insufficient.

2. Injunctions—*Insufficient Affidavits for Granting Without Notice.* —An affidavit attached to a bill for an injunction made by the agent of the complainant, stating that he is advised and informed, and so states the fact to be, that the rights of the complainant will be unduly prejudiced, if the injunction in this cause is not issued immediately, and without notice, to the defendant, is not sufficient to entitle the complainant to an injunction without notice.

3. SAME—*Issuing Without Notice—Insufficient Affidavits.*—A mere statement of a conclusion in an affidavit is not sufficient to make it appear that the complainant will be unduly prejudiced if an injunction is not issued without notice. It is the court, judge or master to whom that conclusion is to appear, and the facts from which it is to be drawn should be stated to the court, judge or master.

**Injunctions.**—Appeal from an interlocutory injunction issued by the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1895. Order reversed. Opinion filed November 18, 1895.

## STATEMENT OF THE CASE.

This is an appeal from an order entered by the Circuit Court of Cook County, on August 24, 1895, granting an injunction against the appellants, "as prayed in the bill of complaint," and without notice.

The substance of the bill is as follows :

"Your orator," Edwin Pardridge, represents that he is the owner of the three-story and basement building known as Nos. 1, 3 and 5 Emma street, Chicago, Illinois; that the first floor is arranged for mercantile business; second floor as public hall and dining room, and third floor as public hall, where private theatricals, social gatherings, etc., are carried on; that the building is and has been used by respectable people in that neighborhood, and said place has a high reputation for quietness and respectability.

That on April 13, 1895, he demised said first floor and basement to Peter C. King for two years, with privilege of extension, to be occupied as a dry goods store, and for no other purpose whatever. Reference is made to copy of lease, which is attached to bill.

"Your orator further represents, upon information and belief," that King, Franklin and Herzog intend, "notwithstanding the limitation in said lease contained, that said premises should be used for a dry goods store, and for no other purpose whatever, to erect therein a stage and put in tables, chairs, and a saloon or grocery, for the purpose of carrying on what is known as a concert hall, giving certain stage performances, serving intoxicating liquors

through the audience room, and thereby conduct a place of business not contemplated by the covenants of said lease."

Your orator further represents that if such business be allowed to be carried on in said first floor room, it would ruin the character and reputation of said building as arranged for the purposes set forth in said bill.

That lessor has never given any consent to use said premises for any purpose other than as set forth in said lease.

Prayer for writ of injunction against King, Franklin and Herzog, their agents and attorneys, restraining them from opening said room or rooms for any other business, or running or conducting any other business than that of a dry goods business at said place, and that they and each of them especially be enjoined from opening said place for the purpose of carrying on a saloon, grocery or concert hall, until further order of court.

Prayer for summons. Prayer for perpetual injunction upon final hearing enjoining defendants from conducting in said building any other business than that contemplated in said lease, and for other relief as may seem meet.

"R. J. Walsh, being first duly sworn, on his oath says that he is the agent of the complainant therein named, Edwin Pardridge; that he has read the foregoing bill of complaint and knows the contents thereof, and knows the same to be true of his own knowledge, except as to such matters and things as are therein stated to be upon his information and belief, and as to those things so stated he believes them to be true."

"R. J. Walsh, being first duly sworn, on oath says that he is the agent of the complainant in the above entitled cause; that he is advised and informed, and so states the fact to be, that the right of the complainant will be unduly prejudiced if the injunction in this cause is not issued immediately, and without notice, to the defendant."

On presentation of this bill and these affidavits, the injunction was issued.

Newman & Northrup and S. O. Levinson, attorneys for appellants.

Bradford & Denmark, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

The verification of this bill is by R. J. Walsh, who states that he is the agent of the complainant therein named, Edwin Pardridge; that he has read the foregoing bill of complaint and knows the contents thereof and knows the same to be true of his own knowledge, except as to such matters and things as are therein stated to be upon his information and belief, and as to those things so stated he believes them to be true.

As the charges in the bill are made by Edwin Pardridge, who therein " represents " that various matters exist, the affidavit in effect is that Walsh knows that Pardridge represents certain things to be as set forth in the bill; with the exception as to those matters as " are therein stated to be upon 'his' information and belief; " that is, upon the information and belief of Walsh. As nothing in the bill is stated upon the information or belief of Walsh, the affidavit is in this regard meaningless.

Nor was it made to appear that the rights of the complainant would be unduly prejudiced if an injunction was not issued without notice. What was made to appear was that R. J. Walsh was advised and informed and stated the fact to be that the complainant would be unduly prejudiced if " the " injunction in this cause " is " (were) not issued immediately and without notice to the defendant. This statement is a conclusion of the affidavit; neither to the master nor the court was thereby anything made to appeal save the conclusion of R. J. Walsh. It is to the court that the necessity for the issue of an injunction without notice must be made to appear, and facts from which the court can arrive at such conclusion should be set forth. Brough v. Schanzenbech, 59 Ill. App. 407.

The order of the Circuit Court granting an injunction is reversed.

GARY, P. J.

The affidavit of Walsh to dispense with notice of the application is in its fair construction an affidavit that Pardridge was advised, etc., which, if true, might better be sworn to by Pardridge himself. A pronoun grammatically refers to the last appropriate antecedent.