## John Angus et al. v. Orr and Lockett Hardware Co.

1.    SHORT CAUSE CALENDAR—*Sufficient Affidavit.*—The following affidavit—"William K. Lowrey, being first duly sworn, deposes and says that he is the attorney for the plaintiff in the above entitled suit now pending in this court, and that he verily believes that the trial of said suit will not occupy more than one hour's time"—is sufficient under the short cause calendar act.

Assumpsit, on promissory notes.    Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1896.    Affirmed.    Opinion filed June 1, 1896.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellants.

WILLIAM K. LOWREY, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is a case for grammarians rather than for lawyers. The abstract informs us that the declaration consisted of "two special counts on two notes and the consolidated common counts;" and that the plea was the general issue. There is nothing else in the abstract, or in the briefs on either side from which we can find out what the suit was about, or what the judgment was for. Shields v. Brown, 64 Ill. App. 259.

The briefs on both sides argue but the single question of what is the true grammatical construction of the following affidavit for placing the cause upon the short cause calendar of the Circuit Court.

"William K. Lowrey, being first duly sworn, deposes and says that he is the attorney for the plaintiff in the above entitled suit now pending in this court, and that he verily believes that the trial of said suit will not occupy more than one hour's time.

WILLIAM K. LOWREY."

Appellants say, in their brief, that under said affidavit the cause was improperly placed upon the short cause calendar, and was tried over their objections, and their argument upon the question is as follows:

"This affidavit is in its fair construction an affidavit that plaintiff verily believes, etc., which, if true, might better be sworn to by the plaintiff.

And in view of the recent opinion of this court, (King v. Pardridge, 60 Ill. App. 475,) that a pronoun grammatically refers to the next preceding noun, we respectfully submit that this case was improperly tried on said short cause calendar, and we therefore ask that the judgment herein be reversed."

The case referred to was one wherein the sufficiency of the verification to a bill in chancery was involved, and in a separate opinion by the presiding justice of the court he said that "a pronoun grammatically refers to the last appropriate antecedent."

The writer of this opinion learned a few years ago that modern grammar was not what he thought it to be, and rather than incur an increase of knowledge in that direction, he prefers to let the appellee's counsel speak for himself in answer to appellants. He occupies a good deal more space in answering than appellants' counsel do in making the proposition, but he is thorough, and if what he says shall add to grammatical understanding in some quarters, it may serve almost as useful a purpose as would a contribution to the stock of legal information.

Counsel for appellee says: "It is not believed that the authority relied upon by counsel for appellants in King v. Pardridge applies to this case in any particular. The mind of counsel for appellants appears to have been confused by the opinion in said case rendered by the honorable presiding judge, but counsel eliminates from that opinion the one word which, in this instance, is essential. The concluding sentence of the opinion is, 'a pronoun grammatically refers to the last appropriate antecedent.' In the affidavit under discussion the pronoun 'he,' being a personal pronoun, does not necessarily refer to its nearest antecedent. The rule varies in this particular as to personal pronouns. A relative pronoun refers to its nearest antecedent. A personal pronoun does not necessarily refer to its nearest antecedent. This I believe to be a well known and established rule of the English language. Mason & Green's English Grammar, London, Art., 'Pronouns.'

But another argument may be urged against the construction sought to be placed upon this affidavit by counsel for appellants. It is of record that the plaintiff below is a corporation. If counsel for appellants be correct in his contention, this court is called upon to read into the affidavit a grammatical error in the use of the word 'he.' The pronoun 'he' can not possibly grammatically refer to a corporation, and the plaintiff in this suit below is a corporation. Therefore, to be accurate, the word 'it' should have been used in place of the word 'he,' and I respectfully submit that had 'it' been used, the affidavit would have been non-

sensical and open to criticism on other grounds. The language of the short cause calendar act with reference to the affidavit, is as follows:

'Upon the plaintiff, his agent or attorney, in any suit at law pending in any court of record, filing an affidavit that he verily believes the trial of said suit will not occupy more than one hour's time, and upon ten days previous notice to the defendant, his agent or attorney, said suit shall be placed by the clerk upon said short cause calendar.' Starr & Curtis' Statutes, Vol. 3, Chap. 110, Sec. 120.

It will be seen from this that the power is conferred upon the attorney to make the affidavit, but in any case, be it plaintiff, agent of plaintiff, or attorney for plaintiff who makes the affidavit, the requirement is that affiant verily believes. Now in parsing or analyzing the affidavit what do we find? What is the predicate of the neuter verb 'is'? Is it the word 'attorney'? To say so is to be nonsensical. The entire clause—the 'attorney for the plaintiff in the above entitled cause,' etc., is the predicate. And the word 'plaintiff' is only a qualifying word in that clause. The second clause of the affidavit must be similarly construed.

Suppose the affidavit in this case had read: 'William K. Lowrey, being first duly sworn, deposes and says that he is the attorney for the plaintiff in the above entitled suit, who owns a yellow dog, and that he verily, etc.' According to contention of counsel for appellant, the pronoun 'he' must refer, not to affiant, nor yet to plaintiff, but to the word 'dog,' a proposition which needs only to be stated to show its absurdity. Nor am I arguing in a jesting mood; for the illustration given suggested itself to the learned trial judge upon the motion of the defendant below to strike the cause from the short cause calendar.

The affidavit stands as made. This court must interpret it in accordance with such grammatical laws as will give it meaning. It can not mean grammatically that a corporation verily believes, and it can not mean that logically. The 'he' must refer to the only person who can reasonably be expected to swear to the contents of that affidavit. The

context shows but one such person, to wit, the affiant, William K. Lowrey. Both grammar and the authorities of 'English, pure and undefiled,' sustain the contention that the form used in this affidavit is in accordance with the best known rules of construction of the English language. Let me refer your honors to that famous and delightful essay of Addison wherein he tells of his visit to Sir Roger de Coverly. Speaking of Sir Roger's chaplain, Addison writes:

'He heartily loves Sir Roger, and knows that he is very much in the old knight's esteem, so that he lives in the family rather as a relation than a dependent.'

Now in this case shall we say the second 'he' refers to 'Sir Roger' as its antecedent, and the third 'he' refers to the 'Old Knight'? Such a construction is ridiculous and is not what the model of graceful English intended to say, nor is it what he does say.

Again, in the same essay, speaking now of Sir Roger, he says:

'As I was walking with him last night, he asked me how I liked the good man whom I have just mentioned, and without staying for my answer, told me he was afraid of being insulted with Latin and Greek at his own table,' etc.

Shall we, under counsel's understanding of English, insist that Addison meant by 'the good man,' the chaplain 'was afraid,' etc., at his, the chaplain's table, when we knew the honest and devout old gentleman was a pensioner on the bounty of Sir Roger? (Spectator No. 106, Monday, July 2, 1711. Addison's works.)

In the same essay, and all through Addison's writings, occur similar passages to confound counsel and refute his position. I might cite Lamb, Macauley, Irving, John Addington Simonds, Andrew Lang and Stevenson. Their writings are full of just such grammatical constructions, but I take it enough has been said."

I concur in the grammar of appellee's counsel, and add, only, that the court is of the opinion that the pronoun " he" preceding the words " verily believes," refers to the affiant Lowrey, and not to the appellee (plaintiff) corporation, and

therefore that the affidavit was sufficient and the cause was properly placed and heard upon the short cause calendar. There being no other matter upon which question is made, the judgment of the Circuit Court is affirmed.