## Manford J. Becker v. James E. Defebaugh.

1. INJUNCTION—*When Improper to Grant Without Notice.*—Where a bill for an injunction contains no allegations of facts which tend to show that the defendant could have done anything which would have put the complainant in a worse position if notice of the application for an injunction had been given him, it is error to grant the injunction without notice.

2. PRACTICE—*Granting Injunctions.*—A complainant is not entitled to any consideration in applying for an injunction, unless he first complies with the statute by giving notice, or makes it appear to the court, judge, or master to whom the application is made, by a sworn statement of facts either in the bill or in accompanying affidavits, from which the conclusion can be drawn that he will be unduly prejudiced by giving notice.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed October 22, 1896.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellant.

The injunction must be dissolved because it was issued without notice to appellant, and no facts appear either by allegations of the bill or by affidavit which warrant the issuance of an injunction without notice. Brough v. Schanzenbach, 59 Ill. App. 407; King v. Pardridge, 60 Ill. App. 475.

HATCH & RITSHER and JOHN J. SYMES, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee filed a bill and on it obtained, on the 10th day of March, 1896, an order for an injunction restraining the appellant, among other things, from further proceeding in pending suits, and from instituting further suits for damages for breaches of an alleged contract. March 30, 1896. the order was modified so as to permit the prosecution of the first suit instituted and pending. Then the appellant prayed and was allowed, this appeal from the original order.

If the first order was wrong, but the whole wrong had been rectified before the appeal was prayed, so that there

then remained no wrong to correct or redress, there would be good reason to say that the appeal should be dismissed. But if part of the wrong remains the appeal is effectual to correct that.

The injunction was granted without notice. No allegation of facts in the bill tends to show that the appellant could have done anything, if notice of an application for an injunction had been given, which would have put the appellee in a worse position.

There was absolutely no reason for proceeding without notice. True, there is attached to the bill an affidavit of the appellee " that he is advised and informed, and so states, that his rights will be unduly prejudiced if an injunction is not issued immediately without notice to the defendant."

Any examination of the bill, therefore, to determine whether an injunction should issue, was premature in the court below, and would be equally so here.

The appellee was and is not entitled to any consideration of his application, unless he first comply with the statute, by giving notice or making it " appear " to the court, judge, or master, to whom the application is made, by a sworn statement of the facts, either in the bill, accompanying affidadavits, or both, from which the conclusion can be drawn that the " rights of the complainant will be unduly prejudiced," etc. Brough v. Schanzenbach, 59 Ill. App. 407; King v. Pardridge, 60 Ill. App. 475; Hovnanian v. Bedessern, 63 Ill. App. 353; Nusbaum v. Locke, 53 Ill. App. 242.

The order granting the injunction is reversed and the cause remanded, with directions to the Superior Court to dissolve the injunction. Reversed and remanded.