### General Gas Company et al v. Ernest B. Stuart.

1. INJUNCTIONS—*When Error to Issue Without Notice.*—When no showing by a statement of facts is made by bill or affidavits, that the rights of the complainant will be unduly prejudiced, an injunction should not be issued without notice.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1897. Order reversed. Opinion filed March 29, 1897.

STIRLEN & KING, attorneys for appellants; W. O. JOHN-SON, of counsel.

General Gas Co. v. Stuart.

J. D. Springer, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

Appellee filed his bill, and without notice obtained an order for an injunction restraining the defendants thereto as prayed in the "said bill."

The bill, among other things, prayed that the General Gas Company be restrained from using new or other certificates of stock in said company representing 225 shares, theretofore issued to Kate Corning and Charles S. Corning, defendants, and that the said Charles C. and Kate Corning be enjoined from transferring or assigning the said 225 shares of stock, or any part thereof, and from voting any of said 225 shares at any meeting of the stockholders of said Gas company, and that said Charles S. Corning be enjoined from transferring to any person any right to the use of certain discoveries and inventions, in any of the territory of the United States. The discoveries and inventions alluded to were for making an illuminating gas.

The affidavit under which, without notice, the order for an injunction was made is as follows:

"Ernest B. Stuart * * * on oath states that he is the complainant in the above entitled cause; that the rights of the complainant will be unduly prejudiced if the injunction in this cause is not issued immediately or without notice to the defendant."

This is insufficient. No showing, by a statement of facts, was made by bill or affidavits that the rights of the complainant would be unduly prejudiced unless an injunction were issued without notice.

Unless a showing be made by a statement of facts from which such conclusion can be drawn, an injunction should not be issued without notice. Becker v. Defenbaugh, 66 Ill. App. 504.

The allegation in the bill, that "the said Charles S. Corning threatens to procure the assignment, transfer and delivery of the said 225 shares of stock, received by him from

your orator as aforesaid, as well as the exclusive right to use said discoveries and inventions in all the territory of the United States, lying west of the Mississippi River, to a *bona fide* purchaser for value, without notice of your orator's said rights, equities and interests therein, and unless restrained by the process of this court will do so," is a mere statement of a conclusion. What Corning said which complainant construes to be such threat, does not appear. Nor could the complainant know what Corning would do in the future; he had at most, as to this, only an opinion. As to such statement, see Earle v. Earle, 60 Ill. App. 360.

No sufficient reason appears for restraining the Cornings from voting upon the stock held by them.

Charles S. Corning had furnished a large sum of money, part of the consideration for his so doing being the issue of this stock. Appellee asks for an accounting, offers to pay what shall be found due to said Corning. Why, then, under the allegations of this bill, should Corning be restrained from voting upon stock which he properly holds?

The order of the Circuit Court, that a writ of injunction issue as prayed in the bill, is reversed. Order reversed.