## William J. English v. The People, etc.

1. PARTIES—*Estoppel of Complainant to Deny that Those Made Defendant are Parties.*—After a complainant has made a person a party defendant to his bill and alleges that he has or claims to have some interest in the property in question either as owner or otherwise, he is estopped from saying that such person has no standing in court to question the appointment of a receiver.

2. APPEALS—*From Interlocutory Orders Appointing Receivers.*— The act authorizing appeals from interlocutory orders does not contemplate the awaiting of the joining of the issue upon the allegations of the bill before an appeal can be taken by a defendant alleged to have an interest in the subject-matter of the litigation.

3. STATUTES—*Construction of the Act Allowing Appeals from Interlocutory Orders.*—The manifest purpose of the act allowing appeals from interlocutory orders appointing receivers is to afford a speedy and summary review of the proceeding in behalf of a defendant who may deem himself injured by the order of the trial court.

4. RECEIVERS—*Appointment Without Notice.*—It is the settled practice to require notice by the moving party to be given to his adversary of an application for the appointment of a receiver over his property, except in case of the gravest emergency, such as his absconding, irreparable injury, etc.

5. SAME—*Rule Requiring Notice Not a Matter of Discretion.*—The rule of practice requiring notice to be given of the application for the appointment of a receiver seems to be not a matter of discretion with the court, but an inflexible rule which the courts are not at liberty to disregard.

6. SAME—*Facts to be Shown upon an Application for a Receiver Without Notice.*—To warrant a court in entertaining an appplication for a receiver without notice, it must appear that the delay resulting from the giving of the notice would defeat the plaintiff's rights or result in great injury to him. And when the application is *ex parte* upon the ground of extreme necessity the particular facts and circumstances rendering such summary proceedings necessary, must be set forth.

Interlocutory Order, appointing a receiver.—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presid-

ing. Heard in the Branch Appellate Court at the October term, 1899. Reversed. Opinion filed June 12. 1900.

William S. Hefferan, attorney for appellant; William J. English, *pro se*, of counsel.

Robert S. Iles, Robert D. Martin, and Stillman B. Jamieson, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the court.

This appeal is from an interlocutory order appointing a receiver of the "leasehold and improvements" upon certain lots situated in Chicago, and ordering the receiver to collect the rents, profits and credits due and to become due, for the use and occupation of the premises in question from the several tenants occupying the same. The receiver was appointed without notice to any defendant.

The bill was filed for the purpose of foreclosing the lien of the people of the State for the general taxes assessed against the said leasehold and improvements for a half dozen or more years subsequent to and including the year 1892, during and for which time it is alleged the said property was forfeited to the State and so remains.

The proceeding seems to have been instituted under the provisions of Sec. 253 of the revenue act, which appear to authorize it, whenever real property shall have been forfeited to the State for the taxes thereon for two or more years.

The bill makes the appellant and numerous other named persons parties defendant, each of whom it alleges has or claims to have some interest in the property, as owner thereof, or otherwise, and requires them to answer the bill without oath.

The prayer of the bill is for an accounting, and that the owner or owners may be decreed to pay whatever sum may be found to be due for the taxes, within a short day, and that in default thereof, the property may be sold as provided by law.

The bill is not sworn to, and does not contain a prayer

for the appointment of a receiver, nor do we find any allegation of the value of the property, or of any facts showing the necessity for the appointment of a receiver. There is a prayer for general relief, but nothing more specific.

An affidavit by one of the solicitors for complainant was, however, filed on the same day that the bill was filed, wherein it is stated that the taxes, penalties and forfeitures due and unpaid amount to $13,920.81, and that upon the information and belief of the affiant the leasehold is of "short duration, and to the best of his knowledge is of comparatively small value, and that there is danger that there may be a deficiency in the amount realized from the sale of the above described property, to satisfy the amount of taxes, penalties and forfeitures due to the people of the State of Illinois, as aforesaid, unless the income and rents which are derived from the improvements upon the property aforesaid are immediately placed within the custody of this court."

It is also positively stated in the affidavit that the improvements are occupied by various tenants, and that the monthly rental of the same is in the neighborhood of four hundred dollars.

We do not find anywhere in the record, anything else upon which to predicate the existence of any such emergency as to justify the appointment of a receiver without notice.

The receiver was appointed on tle same day the bill was filed, and he qualified by filing his bond on the day thereafter. No notice of the filing of the bill or of an application for a receiver was given to the appellant, or to any other defendant, nor, indeed, does it appear that even a summons was issued to any defendant.

A dismissal of the appeal is urged by the appellee upon the ground that appellant has no standing whereby he may question the appointment of the receiver, because, as said:

"The record does not disclose what  *  *  *  his rights in the premises are, or, in fact, whether he has any rights at all."

It is enough to give the appellant a standing to question

this order, that the complainant made him a party defendant and alleged that he had or claimed to have some interest in the property, as owner, or otherwise.   He need not wait until his particular interest is made more definitely to appear by his answer.

We do not understand that the spirit of the act authorizing appeals from interlocutory orders appointing receivers contemplates the awaiting of the joining of issue upon the facts set out in the bill, before an appeal may be taken by a party defendant who is alleged by the bill to have an interest in the subject-matter of the litigation.

On the contrary, the manifest purpose of the act is to afford a speedy and summary review of the proceeding by a defendant who may deem himself to be injured by the order of the lower court.   Nusbaum v. Locke, 53 Ill. App. 242.

It is stated in High on Receivers (Secs. 111 and 112), to be the settled practice, both in England and America, to require notice by the moving party to be given to the adverse party of an application for the appointment of a receiver over his property, except in cases of the gravest emergency, such as the absconding of defendant, of irreparable injury, etc.; and that the rule of practice requiring notice, " would seem to be, not a matter of discretion with the court, but an inflexible rule which the courts are not at liberty to disregard."

And again, in section 113, Mr. High says:

" To warrant a court in entertaining an application for a receiver without notice, it must be clearly shown that the delay which would result from giving notice would defeat the rights of plaintiff, or would result in great injury to him.   And when the relief is sought upon an *ex parte* application, upon the ground of extreme necessity, the particular facts and circumstances rendering such summary proceeding necessary should be set forth in the application, and a mere statement of opinion as to such necessity, even though made under oath, will not justify a departure from the established rule requiring notice of the application."

See, also, Craver v. Whitman, 62 Ill. App. 313; Nusbaum v. Locke, *supra.*

Of course, we are not to be understood as applying this rule to cases where, by contract of the parties, the appointment of a receiver has been agreed to under certain eventualities—of which there is no pretense in this case.

We are clearly of opinion that no such emergency is shown as to justify the appointment of a receiver without notice. The order was improvidently entered because no notice of application for it was given, and it will be reversed.