### Herbert N. Rose v. Peter P. Smith, et al.
#### Gen. No. 12,408.

Appeal from interlocutory order granting injunction. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1905. Reversed. Opinion filed July 17, 1905.

ROSWELL B. MASON, for appellant.

PHILETUS SMITH, for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

We are obliged with reluctance to reverse the order for an interlocutory injunction in this case.

Without entering into the merits of the cause, it seems to us that there is on the face of the bill, which is for an accounting as well as for a perpetual injunction, a case for an injunction *pendente lite* which shall preserve the *status quo,* to the injury of neither party, until the conclusion of the litigation in the Superior Court. Certainly much greater damage would be done to complainants by the summary action threatened, if in the end they should be finally adjudged meritorious in their contentions, than would in the other contingency result to the appellees from the existence of the injunction. The alleged rights of the appellees are not such as they can show at law in an appeal from the detainer judgment of the justice, and we do not think therefore that the possibility of such an appeal forbade this injunction order. Nor do we think there is any merit in the contention that this injunction could not in the discretion of the chancellor issue without bond. The judgment enjoined is not such a judgment as falls within section 8 of the Injunction Act.

But there is no escape from the proposition that this injunction was erroneously granted. It was granted without notice and without any such showing as is peremptorily required by the statute, that the rights of the complainant would be unduly prejudiced if it were not so issued. Sec. 3, chapter 69 of the Revised Statutes of Illinois. Either in the bill or in the affidavits accompanying it, or both, allegations of facts must appear under oath, which lead the court to the reasonable conclusion that the rights of the complainant would be unduly prejudiced if notice were given, or the order granting the injunction will be erroneous. Becker v. Defebaugh, 66 Ill. App., 504, and cases therein cited; Board of Trade v. Riordan, 94 Ill. App., 298. Neither in this bill nor in the affidavit of verification, which alone accompanies it, are there any such allegations.

The argument of appellees' counsel that the bill was filed so late that it would have unduly prejudiced the rights of complainants to give notice, simply because notice could

not have been given before some injurious action might have been taken by appellant, is not satisfactory. Nothing appears to show that the bill could not have been prepared and filed long enough beforehand to have made ample notice possible, nor indeed that notice might not have been given when the bill was filed and a hearing had before anything could have been done under an execution from the justice in the detainer case. It certainly will not do to say that the variety of reasons for not giving notice or preparing the bill sooner, which are stated by counsel in his brief and do not appear in the record, are reasonable presumptions for us to entertain to sustain the injunction. Such an argument would compel us to imagine a state of facts not appearing of record, to sustain every injunction granted without notice. It would nullify the statute completely.

*Reversed.*

