The Bank of Orleans *vs.* Skinner & Slason.

Where a judgment creditor filed a bill, before a vice chancellor, against the assignees of their debtors, charging such assignees with a violation of their trust, and it did not appear by the bill that either of the defendants lived within the circuit of such vice chancellor, or that the assignment was made within that circuit, or that any of the property assigned was situated within the circuit; *Held*, that the vice chancellor had not jurisdiction of the case; although the judgment in favor of the complainant was entered and docketed in the circuit of such vice chancellor, and the note upon which the judgment was obtained was made payable at a bank which was also situated in that circuit.

An injunction bill which is filed by a corporation may be verified by the solicitor, or counsel, or other agent, without the oath of any of the regular officers of the corporation, where the person verifying the bill is better acquainted with the facts than any of such regular officers.

Where a bill is to be verified by an agent or attorney, it should be drawn in the same manner as if it was to be verified by the complainant himself; stating the facts within the personal knowledge of the agent or attorney positively, and those which are only known to him from information of others, upon the knowledge and belief of the complainant. And the oath of the agent or attorney who verifies the bill should state that the deponent has read the bill, or has heard it read and knows the contents thereof, and that the same is true of his own knowledge, except as to the matters which are therein stated to be on the information and belief of the complainant, and as to those matters that the deponent believes it to be true.

Upon an ex parte application for the allowance of an injunction, if there is any material allegation, upon which the right to the injunction rests, which is not within the personal knowledge of the complainant, or of the agent or attorney who verifies the bill, the officer to whom the application is made should require to be annexed to the bill the additional affidavit of the person from whom the information is derived verifying the truth of the information thus given.

THIS case came before the chancellor upon an appeal, September 21. by the defendant Skinner, from an order of the vice chancellor of the third circuit denying an application to dissolve an injunction, upon the matter of the bill only; and also upon a cross appeal by the complainants from so much of the order as denied their application for leave to amend the bill. The complainants had discounted a note drawn by the defendant Slason, who resided in Vermont, for the benefit and ac-

commodation of Doane & Potter, who resided in the county of Washington. This note was endorsed by Doane & Potter, and also by Rowley & Paige ; the two last named endorsers having endorsed the note for the accommodation and benefit of the other two. In November, 1839, Doane & Potter executed a general assignment of all their property and effects to the defendant Skinner, who also resided in the county of Washington, and to Slason the other defendant, in trust, to pay all the debts of the assignors out of the proceeds of such property and effects, in the order specified in such assignment. And the bill in this cause was filed before the vice chancellor of the third circuit, to call the trustees to account, and for an injunction, and for the appointment of a receiver to take charge of the property and effects assigned. The bill charged that the defendant Skinner, who was the acting assignee, was embarrassed and irresponsible ; and that he had violated his trust in relation to the assigned property, by mixing up the proceeds thereof with his own funds and applying the same to the payment of his private debts, &c.

*B. F. Agan*, for the complainants.

*Cyrus Stevens*, for the defendant Skinner.

THE CHANCELLOR. I think the objection that the bill was not properly verified to entitle the complainants to an injunction, is well taken. Where a corporation aggregate is complainant, the bill, from the necessity of the case, must be verified by some officer or agent of the corporation. In this case the counsel for the bank, as appears from the affidavit, was better acquainted with the facts and circumstances of the case than the president and cashier, who resided in a distant part of the state and could not know any thing of the charges in the bill upon which the application for an injunction was founded. He, therefore, was a proper person to verify the bill, if he could swear to the material allegations therein as matters within his own

1841.

Bank of Or-
leans
v.
Skinner.

knowledge. But his affidavit annexed to the bill is defective, in not stating what allegations in the bill are matters within his own knowledge, and what are founded upon his belief only as derived from the information of others. He states that he has read the bill and knows the contents thereof; that he has information as to all the matters stated therein; that a number of the material and important facts stated in the bill, and the principal part thereof, he knows of his own knowledge to be true; and that he believes all the statements in the bill are true. Such a verification leaves it to the officer or agent, who verifies the bill, to determine for himself what are the material facts charged in the bill; without furnishing the court or the injunction master with the means of knowing what charges are intended to be sworn to as matters personally known to the deponent and what are matters of information and belief merely.

Bills which are to be verified by the oath of the agent or attorney for a complainant should be drawn in the same manner as bills which are to be sworn to by the complainant himself; stating those matters which are within the personal knowledge of such agent or attorney positively. And those which he has derived from the information of others should be stated or charged upon the information and belief of the complainant. And the oath of the agent or attorney, verifying the bill, should state that the deponent has read the bill or heard it read, and knows the contents thereof, and that the same is true of his own knowledge except as to the matters which are therein stated to be on the information or belief *of the complainant*, and that as to those matters the deponent believes it to be true. (1 *Hoff. Pr.* 79, *and App. No.* 20.) In the case of ex parte applications for injunctions, or ne exeats, founded upon such bills, if any material allegation or charge which is necessary to be sworn to positively, to authorize the issuing of the injunction or ne exeat, is not within the personal knowledge of the agent or attorney who verifies the bill, he should, in addition to his own verification, annex to the bill an affidavit of the person from whom he derived his information,

swearing that he knows such allegation, or charge to be true ; in the same manner as if the bill had been sworn to by the complainant himself and some of the material facts to sustain the injunction depended upon information derived from others. (*See Campbell* v. *Morrison*, 7 *Paige's Rep.* 157 ; *Catlett* v. *McDonald*, 13 *Louisiana Rep.* 44.) It is not necessary to inquire whether this objection to the verification of the bill has been obviated by an admission by the defendant, in his answer, of the material facts upon which the injunction rests ; as I am satisfied the other objection is well taken, that the bill did not show a case within the jurisdiction of the vice chancellor before whom such bill was filed.

Neither of the defendants resided within the third circuit at the time of the commencement of this suit ; and probably they have never resided there. Nor is it suggested that any part of the assigned property is situated within that circuit. And if the subject matter of the suit had any locality, at the time of filing the complainants' bill, it was not within the limits of the third circuit, so as to give the vice chancellor jurisdiction on that ground. If he has any jurisdiction of this case, therefore, it must be upon the ground that the bill shows that the cause or matter which authorized the commencement of this suit arose within his circuit. (2 *R. S.* 168, § 2, *sub.* 1.)

The only matters charged in the bill as having arisen or occurred in that circuit, are the recovery of a judgment at the capitol in the city of Albany, against Doane & Potter and the other endorsers upon the note discounted by the Bank of Orleans ; the docketing of the judgment in the office of the clerk of the supreme court at that place ; and the filing of the execution in the same office when it was returned by the sheriff of Washington county unsatisfied. And I am unable to discover any connection between these circumstances and the causes or matters which authorize the filing of this bill in equity. Had this been an ordinary creditor's bill, to obtain satisfaction of the complainant's debt out of the property of the defendants, after an execu-

tion against them had been returned unsatisfied, it would have been sufficient, to give the vice chancellor jurisdiction, if it had appeared upon the face of the bill that the judgment was recovered in his circuit, and that an execution had been issued to the sheriff of a county in that circuit and had been returned unsatisfied within the same circuit. (*Varick* v. *Dodge, ante, p.* 149.) Here, however, the statement of the recovery of a judgment against the assignors long subsequent to the assignment, and the issuing of an execution on such judgment and the return thereof unsatisfied, appears to be mere surplusage. For the complainants' right to file this bill against the assignees, for an account and distribution of the fund according to the assignment, and to preserve the fund from being wasted or lost in the meantime, would have been the same if the corporation had not proceeded to judgment against the assignors and the other endorsers whose names appeared upon the note. The recovery of the judgment and the issuing and return of the execution, therefore, do not constitute the cause or matter in equity which is the foundation of this suit ; so as to give jurisdiction of the case to the vice chancellor of the circuit in which that judgment was recovered and where such execution was issued and returned.

Nor would the proposed amendment of the bill have obviated the objection. Although the note which was the foundation of the indebtedness of Doane & Potter, was made payable at a bank in Troy, and was probably protested there for non-payment, that did not constitute the cause of filing this bill, so as to give the vice chancellor jurisdiction of the case. The note became due and payable in the month of October, 1839, and the endorsers had been charged, if ever, sometime previous to the assignment to these defendants. The foundation of this suit, therefore, was the assignment of the property of Doane & Potter to the defendants, to pay the debt for which that note was given and which had then become due and payable, and to pay the debts of the other creditors of the assignors ; the acceptance of the trust by the assignees ; and the

alleged violation of the trust, by the defendant **Skinner, by** a misapplication of the funds. All of this, as I infer from the bill, must have occurred in the county of Washington, where the assignors and Skinner resided at the time the assignment was made; and where I presume they continued to reside down to the time of filing the bill in this cause. For these reasons I am satisfied that the *cause or matter* of complaint upon which this suit is founded did not arise in the third circuit, so as to give the vice chancellor before whom the bill was filed jurisdiction of the case under the first subdivision of the second section of the title of the revised statutes relative to the court of chancery, (1 *R. S.* 168;) and no amendment of the bill, consistent with the probable facts of the case, can obviate this objection.

So much of the order as is appealed from by the defendant Skinner must be reversed; and the injunction is to be dissolved with costs, as improperly issued. And the part of the order denying the application to amend, to which the cross appeal of the complainant relates, must be affirmed with costs.