## COFER *et al. v.* ECHERSON.

Where in an action of right, it appeared that the defendant held title to the real estate by purchase from the school fund commissioner; that on the 18th of January, 1856, he executed an absolute deed of the premises to S. and B., who, on the same day, executed to him a deed of defeasance, conditioned to reconvey to him, upon his paying a certain sum of money in one year from date, which makes time of the essence of the contract, and provides that in case of a failure to pay promptly, a promissory note signed by the defendant and C., (one of the plaintiffs), the obligors reserve to themselves the right to enter upon, and take possession of, the premises, and declare the contract forfeited; that the time of payment was extended by S. and B. to January 18, 1858; that on the 11th of February, 1858, S. and B. executed to the plaintiffs a bond for the conveyance of the land, upon the payment at certain times, of a given sum of money, and giving them possession thereof; and that one of the plaintiffs took the bond from S. and B. with notice of the bond held by the defendant; and where, while the action of right was pending, the plaintiffs filed their petition for the appointment of a receiver, to take charge of the property, on the ground of the insolvency of the defendant, and thereupon

Cofer et al. v. Echerson.

the court appointed a receiver ; *Held,* That the court erred in appointing a receiver.

*Appeal from the Hamilton District Court.*

WEDNESDAY, OCTOBER 13.

The plaintiffs bring this action to recover possession of the south-west quarter of the south-west quarter of section sixteen, township eighty-seven, north range twenty-six west, on which is situated a mill and appurtenances. The defendant holds by purchase from the school fund commissioner. On the 18th of January, 1856, he executed a deed, which was absolute in its form and terms, conveying the land to Thomas Snell and Hiram Butterworth, who, on the same day, executed to him a deed of defeasance, conditioned to reconvey to him, upon his paying a certain sum of money in one year from date. This time for payment was afterwards extended one year, which brought it to the 18th of January, 1858. On the 11th of February, 1858, Snell and Butterworth, under that name, (who appear from plaintiffs' petition to have been partners in business under that firm), executed to the petitioners a bond for the conveyance of the land, upon the payment at certain times of a given sum of money, and giving them possession thereof. The bond from Snell and Butterworth to Echerson, makes time of the essence of the contract, and provides that, in case of a failure promptly to pay a promissory note, signed by the defendant and John Cofer, (one of the plaintiffs), the obligors reserve to themselves the right to enter upon, and take possession of the premises, and declare the contract forfeited. The defendant's answer avers that the plaintiff, Cofer, was a party to the note given to Snell and Butterworth, to secure the payment of which the said deed was given, and that the plaintiffs well knew that the deed was given as such security, and had the force and effect of a mortgage only. .

During the pendency of the action, (which is not yet de-

cided), the plaintiffs filed their petition for the appointment of a receiver, on the ground that the defendant was insolvent, which was granted, and a receiver was named. From this order, the defendant appeals.

*Hull & Dennison*, for the appellant.

*D. O. Finch*, for the appellees.

WOODWARD, J.—This appeal is from the appointment of a receiver. The action is in the nature of ejectment, to obtain possession of the land. In the inquiry as to the propriety of appointing a receiver, the whole case will be looked at.

We do not notice the question whether a receiver can be appointed in a mere action at law, any farther than to prevent silence being construed into an assent to the affirmative of the proposition. So far as there may be a question, it is left open.

There are no equitable proceedings pending in relation to the property, which, besides the land itself, consists of a grist and saw mill, except this application for a receiver. There is a contest as to the right of possession, and this is intimated by an action at law for the recovery of the same. The petitioners present no peculiar circumstances, nor any of particular alarm or danger. The defendant is in possession, who purchased from the school fund, and who says in his answer, that he made the improvements, and that he is, more than any one else, interested in their preservation and care, since they constitute his support, and are worth much more than the incumbrances upon them. The petitioners represent only, that they believe him to be insolvent, and that the estate and mills cannot be left in his possession without loss and injury to the plaintiffs. In short, the only reason urged for the appointment of a receiver, is the alleged insolvency of Echerson. But Mr. Story in 2 Equity Jurisprudence, section 836, says that mere poverty is not, of itself, sufficient ground. And fur-

ther, it does not seem to be the practice of the courts to appoint, when the controversy is upon a mere question of legal right, or when the party can assert his right by a direct action at law, as for possession. 2 Story's Equity, section 828, *et seq.;* 2 Dan. Ch., chapter 38. Again: the court does not appoint, unless it believes, so far as there appears, that the applicant will recover. 2 Dan. Ch., chapter 33, 1954; 2 Story's Equity, chapter 21.

In the present case, there appears to be some obstacles to the plaintiffs' recovery, as now appears. They hold a bond for a conveyance from Snell and Butterworth, which gives them the possession. But S. and B. did not possess this right. Their contract with Echerson gives them the power, upon his default, to declare the contract forfeited, and to take possession. This requires an action on their part, and the case does not show any such act—any notice putting an end to the contract. *Fulwider* v. *Wilford*, Morris, 323. Snell and Butterworth, therefore, had not yet acquired a perfect right to possession against their vendee, Echerson; and consequently they could not convey such a right to the plaintiff.

For these reasons, without looking for others, we are of opinion that the receiver should not have been appointed, and the order is therefore reversed, and the cause remanded.