LEWIS J. YOUNGBLOOD and WIFE and others *vs.* SCHAMP.

When an injunction is applied for, there should be a special affidavit of the truth of all the material facts upon which the application is founded. An injunction issued upon the common affidavit in the form ordinarily annexed to an answer will be dissolved very much as a matter of course.

The facts need not be proved by the affidavit of the complainant. When the material facts are not within his knowledge, they should be verified by the oath or affirmation of some person who has a knowledge of the facts, or duly verified copies of private instruments or of records may be annexed to the bill when such is the appropriate mode of proof.

In bills charging fraud, and praying a discovery, or in any case where, in the nature of things, positive proof cannot be expected, the additional verification may be dispensed with, and the injunction may issue on the affidavit of complainant founded on belief alone.

If complainant is absent, or his affidavit, for any reason, cannot be procured, it may be sworn to by the attorney of complainant ·or by any person acquainted with the facts.

Where the bill is filed by a corporation, the officer, or other person who has the principal personal knowledge of the facts, should swear to them.

---

This bill was filed by Lewis J. Youngblood and others against Henry Schamp and Robert Schamp, executors of Henry G. Schamp, deceased, for an injunction to restrain the defendants from making sale of a farm of their testator, pursuant to an order of the Orphans Court of the county of Hunterdon. The bill was not sworn to by either of the complainants, but was verified by the oath of Mr. James M. Robinson, the solicitor of the complainants, and by copies of the documents referred to in the bill, which were annexed to and filed with the bill, and were duly certified by the surrogate of Hunterdon county.

Mr. Robinson's affidavit stated, as a reason for not procuring the affidavits of the complainants to the bill, that their residence was so remote from where the bill was prepared, that the delay occasioned by procuring their affidavits would have probably defeated the whole object of the bill. On allowing the injunction, the following opinion was prepared by

THE CHANCELLOR. There should be a special affidavit of the truth of the facts upon which the application for an injunction is founded. An injunction issued upon the common affidavit in the form ordinarily annexed to an answer will be dissolved very much as a matter of course. *Eden on Inj.* 377, 380; *Campbell* v. *Morrison,* 7 *Paige* 157.

It is rarely, if ever, that the right to an injunction can rest upon the acts of the complainant, and it is in relation to those, alone, that the affidavit professes to be founded on *knowledge.* As to the acts of all others, it is founded on *belief* only.

It is not necessary that the facts should be proved by the affidavit of the *complainant.* Where the material facts are not within his knowledge, they should be verified by the oath or affirmation of some person who has a knowledge of the facts; or duly verified copies of private instruments or of records may be annexed to the bill, where such is the appropriate mode of proof. *Bank of Orleans* v. *Skinner,* 9 *Paige* 305; *Rule IX,* § 11; *Nix. Dig.* 90, § 15.

There is a class of cases, as for example bills charging fraud, and praying a discovery, where, in the very nature of things, positive proof cannot be expected. In such cases the additional verification may be dispensed with, and the injunction issue upon the affidavit of the complainant, founded on his belief alone. *Attorney General* v. *Bank of Columbia,* 1 *Paige* 511; *Campbell* v. *Morrison,* 7 *Paige* 157.

The bill is usually sworn to by the complainants, or one of them. But if he be absent, or his affidavit for any reason cannot be procured, it may be sworn to by the attorney of the complainant, or by any person acquainted with the facts. 1 *Smith's Chan. Pr.* 595; 3 *Daniell's Chan. Pr.* 1890; 1 *Hoffman's Chan. Pr.* 79; 3 *Ibid.* 18, *No.* 21.

Where the bill is filed by a corporation, the officer or other person who has the principal personal knowledge of the facts should swear to them. 1 *Hoffman's Chan. Pr.* 78; 3 *Ibid.* 18, *No.* 20; *Bank of Orleans* v. *Skinner,* 9 *Paige* 305.

By the English practice, the affidavit cannot be sworn

until after the bill is filed.  1 *Smith's Chan. Pr.* 195; ·3 *Daniell's Chan. Pr.* 1890.

A contrary practice prevails in this state.  The affidavit is ordinarily made before the bill is filed, and is annexed to and filed with the bill.

The affidavit, in its present form, is not sufficient.  The verification should extend to all the material facts upon which the right to an injunction rests.