## HENDERSON v. REYNOLDS.

[No. 20,920.    Filed May 28, 1907.]

1. RECEIVERS. — *Appointment Without Notice.* — *Application.*— *Verification Upon Belief.*—*Evidence.*—An application, verified upon belief, for the appointment, without notice, of a receiver, is insufficient, and is not evidence of the facts therein contained. p. 523.

2. SAME. — *Appointment Without Notice.* — *Statutes.* — Under §1244 Burns 1901, §1230 R. S. 1881, providing for the appointment, without notice, of a receiver, it must appear, either by a verified application or by affidavit, that there must not only be a sufficient ground for the appointment of a receiver, but also for the appointment of one without notice.    p. 526.

3. SAME. — *Appointment Without Notice.* — *Grounds for.* — The statute (§1244 Burns 1901, §1230 R. S. 1881) being silent as to the grounds for the appointment, without notice, of a receiver, the courts will look to the precedents for such grounds. p. 526.

4. SAME.—*Appointment.*—*Notice.*—Ordinarily, in the absence of a statute, the court will not appoint a receiver, until after notice to defendant, or a rule to show cause.    p. 527.

5. SAME.—*Appointment Without Notice.*—Courts will appoint receivers, without notice, where defendant is beyond the jurisdiction, or where an emergency exists to prevent waste, destruction or loss, or where notice would jeopardize the delivery of the property in dispute, and where protection can be afforded in no other way.    p. 527.

6. SAME.—*Appointment Without Notice.*—*Temporary Restraining Order.*—A receiver will not be appointed without notice where the desired result could be accomplished by a temporary restraining order.    p. 527.

7. SAME.—*Application.*—*Appointment Without Notice.*—*Laches.* —An application for the appointment of a receiver, without notice, to take charge of a crop, which it is alleged the insolvent defendant will appropriate to his own use, must show that the plaintiff was not guilty of laches in asking for such receiver. p. 528.

8. PLEADING. — *Application for Appointment of Receiver.* — *Opinions.*—An application for the appointment of a receiver, showing that if notice is served on defendant he "can and will"

harvest the crop before the cause can be heard, is insufficient, since such allegation is merely an opinion, the facts being required. p. 529.

From Elkhart Circuit Court; *James S. Dodge,* Judge.

Suit by William R. Reynolds against James H. Henderson. From an interlocutory order appointing a receiver, defendant appeals. *Reversed.*

*James L. Harman,* for appellant.

*Edward B. Zigler,* for appellee.

Monks, J.—This suit was brought by appellee against the appellant for the appointment of a receiver for a growing peppermint crop on a farm belonging to appellant, upon which the appellee had formerly been a tenant. The only evidence at the hearing of the application for the appointment of a receiver was the verified complaint and an affidavit of appellee. Without notice to or appearance by appellant, the court appointed a receiver as prayed for. This is an appeal from said interlocutory order. Appellee's verification of the complaint states that "all the statements in the complaint are true to the best of his knowledge and belief."

Appellant insists that an affidavit for the appointment of a receiver, without notice, is insufficient when sworn to upon knowledge and belief. An affidavit that the

1.  statements in an application for a receiver or for a temporary restraining order without notice and like applications "are true to the best of the knowledge and belief of the affiant," or "to the best of his information and belief," is insufficient and is not admissible in evidence at the hearing of such application. Such application or petition, to be admissible evidence, must be verified in positive terms. Alderson, Receivers, §§113, 115; High, Receivers (3d ed.), §112, p. 97; 2 Beach, Eq. Prac., §729; 1 High, Injunctions (4th ed.), §35; 2 High, Injunctions (4th ed.), §§1567, 1569, 1574, 1575, 1581; Gibson, Suits in Chancery, §818; *Siegmund* v. *Ascher* (1890), 37 Ill. App. 122;

*Nusbaum* v. *Locke* (1893), 53 Ill. App. 242, 244; *Grandin* v. *La Bar* (1891), 2 N. Dak. 206, 213-216, 50 N. W. 151; *New South, etc., Loan Assn.* v. *Willingham* (1893), 93 Ga. 218, 18 S. E. 435; *Cofer* v. *Acherson* (1858), 6 Iowa 502; *French* v. *Gifford* (1870), 30 Iowa 148, 161; *Verplank* v. *Mercantile Ins. Co.* (1831), 2 Paige (N. Y.) *438, *450; *Burgess & Co.* v. *Martin* (1895), 111 Ala. 656, 20 South. 506; *Thompson* v. *Tower Mfg. Co.* (1888), 87 Ala. 733, 6 South. 928; *City of Atchison* v. *Bartholow* (1866), 4 Kan. 124; *Harrison* v. *Beard* (1883), 30 Kan. 532, 533, 2 Pac. 632; *Davis* v. *Reaves* (1879), 2 Lea (Tenn.) 649, 650-652; *Campbell* v. *Morrison* (1838), 7 Paige (N. Y.) *157; *Bank of Orleans* v. *Skinner* (1841), 9 Paige (N. Y.) *305; *Youngblood* v. *Schamp* (1862), 15 N. J. Eq. 42; *Manistique Lumbering Co.* v. *Lovejoy* (1884), 55 Mich. 189, 20 N. W. 899; *Brooks & Hardy* v. *O'Hara Bros.* (1881), 8 Fed. 529; *Ballard* v. *Eckman* (1884), 20 Fla. 661, 675, 676.

In *Catlett* v. *McDonald* (1838), 13 La. 45, the court held insufficient to authorize an injunction, an affidavit that "all the material allegations in the foregoing petition are true to the best of his [the petitioner's] knowledge and belief." The facts should be positively sworn to, and ordinarily a verification upon information and belief is not received for this purpose. 2 High, Injunctions (4th ed.), §1567.

In *Siegmund* v. *Ascher, supra,* the affidavit was that "he has read said complaint and knows the contents thereof, and that the same is true of his own knowledge, except as to matters stated on information and belief, and as to those he believes it to be true." The court said: "We have decided that this form of oath makes the whole answer on information and belief, as there is no way of distinguishing between matters so stated and those of which the complainant has knowledge. *Deimel* v. *Brown* [1890], 35 Ill. App. 303."

In *Reboul's Heirs* v. *Behrens* (1832), 5 La. 79, the affidavit for injunction stated: "That the material facts and allegations in said petition are true and correct to the best of his knowledge." The court held the oath to be insufficient, and said the affidavit "ought to be such as to submit the party to the penalties of perjury, if the facts sworn to appear to be otherwise."

In *Burgess & Co.* v. *Martin* (1895), 111 Ala. 656, the court said on page 657: "The allegations of the bill are sworn to by a person named 'as true to the best of his knowledge, information and belief.' This, upon the construction most favorable to complainants, means that the affiant has knowledge that some of the averments of the bill are true, that while he does not know he has been informed and believes that others of the averments are true and that, as to yet other averments, he has neither knowledge nor information, but, without knowing the facts or ever having been informed of their truth, he believes them to be true; and whether any particular allegation of the bill is within one or the other of these three categories is wholly uncertain and unascertainable from this verification. But to construe the affidavit according to the general rule, most unfavorable to the party relying upon it, there is no room for affirmatively saying that it means anything more than the affiant believes that the allegations of the bill to be true, though he has neither knowledge nor information of their truth. *Pickle* v. *Ezzell* [1855], 27 Ala. 623; *Dennis* v. *Coker* [1859], 34 Ala. 611; *Globe Iron Roofing, etc., Co.* v. *Thacher* [1888], 87 Ala. 458, 6 South. 366."

In *City of Atchison* v. *Bartholow* (1866), 4 Kan. 124, application was made to the judge of the district court in vacation for a temporary injunction, upon the hearing of which the only testimony adduced was the petition. The defendants objected to the reading of that paper as evidence, on the ground that the verification was only that the same was "true to the best of the knowledge, information

and belief" of the affiant, instead of on his personal knowledge. The court said on page 139: "Now, it would not be pretended that it would be admissible testimony, if, in a deposition, a witness should say that a certain statement was 'according to the best of his knowledge, information and belief, true, in substance and in fact.' And for very obvious reasons, too. He might have no knowledge of, or information upon the subject, except mere hearsay, and yet could conscientously make such a declaration. He might be thoroughly convinced, by irresponsible publications, of the existence of a certain state of facts; yet no modern rule of evidence would permit him to state such belief as testimony. So, in the case at bar, the affiants might conscientiously make the declaration they did make."

It is evident from the authorities cited that the verification of the complaint was insufficient and the same was not entitled to any weight as evidence at the hearing of said *ex parte* application for a receiver.

Section 1244 Burns 1901, §1230 R. S. 1881 and Horner 1901, provides: "Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit." It is evident that under said statute it must appear either in the verified complaint or by affidavit not only that there was a cause for the appointment of a receiver but that there was cause for such appointment without notice. If sufficient cause for not giving reasonable notice is not shown by affidavit the appointment is forbidden by said statute and is erroneous.

The statute being silent as to what will constitute sufficient cause, we must look to precedents and adjudged cases to determine that question. *Wabash R. Co. v. Dykeman* (1892), 133 Ind. 56, 65.

By the established practice, independent of statute, courts of equity, being averse to interference *ex parte,* will entertain in ordinary cases an application for the appointment of a receiver only after notice to defendant or a rule to show cause. High, Receivers (3d ed.), §§111, 112.

The exceptional cases are when the defendant is beyond the jurisdiction of the court, or cannot be found, or when some emergency is shown rendering interference before there is time to give notice, necessary to prevent waste, destruction, or loss; or when notice itself will jeopardize the delivery of the property over which the receivership is extended in obedience to the order of the court. It must be a case of imperious necessity, requiring immediate action and where protection cannot be afforded the plaintiff in any other way. *Continental, etc., Min. Co.* v. *Bryson* (1907), *ante,* 485, and authorities cited; *Chicago, etc., R. Co.* v. *Cason* (1892), 133 Ind. 49, 51; High, Receivers (3d ed.), §§113, 117; Beach, Receivers (2d ed.), §§140-143.

It has been held that a receiver will not be appointed without notice when a court, as in this State, has the power to grant a temporary restraining order, without notice, and the same is ample to protect the property until notice is given and the application for a receiver heard and determined. *Grandin* v. *Le Bar, supra; McCarthy* v. *Peake* (1859), 18 How. Pr. 138, 140; *Fischer* v. *Superior Court, etc.* (1895), 110 Cal. 129, 138, 42 Pac. 561; *State* v. *Jacksonville, etc., R. Co.* (1875), 15 Fla. 201, 286; *Nusbaum* v. *Locke* (1893), 53 Ill. App. 242, 244; *Cabaniss* v. *Reco Min. Co.* (1902), 116 Fed. 318, 323, 324, 54 C. C. A. 190, 195, 196.

It was said in the case last cited: "When such notice can be given it should be given, unless there is imminent danger of loss, or great damage, or irrevocable injury, or the greatest emergency, or when by the giving of notice the

very purpose of the appointment of a receiver would be rendered nugatory; and such instances are of rare oc-occurrence in the federal courts, because of their power, when an injunction is asked for, to grant a temporary restraining order (U. S. Comp. Stat. [1901], §718, 17 Stat. at Large, p. 197), which may be served at the same time that the notice is served, to prevent action by the defendant or his agent, and to preserve the existing conditions, until the application for an injunction and for a receiver can be heard. *North American Land, etc., Co. v. Watkins* [1901], 109 Fed. 101, 48 C. C. A. 254."

The only showing of cause for not giving notice is contained in the affidavit of appellee, read in evidence, which is as follows: "William R. Reynolds, plaintiff in the above-entitled cause, being duly sworn, upon his oath, deposes and says that said crop of mint is now ripe and should be harvested immediately; that said defendant refuses to permit this plaintiff to harvest and distill the same; that said defendant is threatening to harvest said crop and appropriate the proceeds thereof to his own use, and if permitted to do so plaintiff will be unable to recover his interest therein of said defendant, as said defendant is wholly insolvent; that if harvesting said mint is delayed longer there will be a great loss to said parties, as the oil will recede to the roots, and the tops of said plants will dry and wither, thus causing heavy losses; that if notice is served upon said defendant he can and will cut said mint and haul the same from the premises where it is now growing, before a hearing can be had upon affiant's petition, thus appropriating the entire crop to his own use, and, owing to defendant's insolvent financial condition, plaintiff will be unable to recover his interests from said defendant; that said defendant has already dug up and replanted a large number of said roots, appropriating the same to his own use, and refuses and neglects to account

for the same. Wherefore, plaintiff asks the court to appoint a receiver for said crop without notice to defendant."

It is clear from the authorities cited that said affidavit does not show any reason for the failure to give notice of said application to appellant. The part in said affidavit showing the necessity for harvesting and distilling said mint without delay does not show any excuse for not giving notice, because no excuse is offered or reason assigned why the application for a receiver was not made earlier, so that the same could be heard and determined before it was necessary to harvest and distill the mint. It is well settled that a party seeking an injunction or the appointment of a receiver cannot by his own delay or failure to act promptly create an emergency which will excuse his giving the required notice to the adverse party. *Vance* v. *Workman* (1846), 8 Blackf. 306, 308; *Indiana, etc., R. Co.* v. *State* (1852), 3 Ind. 421; *Davis* v. *Fasig* (1891), 128 **Ind.** 271, 277.

In *Vance* v. *Workman, supra,* this court held that a bill filed to enjoin a sheriff's sale of real estate, filed on the day the sale was to take place, does not show an emergency for granting a restraining order without notice, no reason being given why the suit was not filed sooner.

In *Indiana, etc., R. Co.* v. *State, supra,* the court said: "The principle here asserted is, that the complaining party must not only show that an immediate injury is about to be inflicted, but also that he could not reasonably have anticipated it in time to give the requisite notice. Otherwise the complainant might always make a case of emergency, by waiting until the act he desires to have restrained is upon the point of being done."

The statement in the affidavit "that if notice is served said defendant can and will cut said mint and haul the same from the premises before a hearing can be had upon affiant's petition," is the mere statement of the opinion of appellee. The facts upon which

such opinion was founded should have been set forth in the affidavit that the court might judge of its sufficiency. *Continental, etc., Min. Co.* v. *Bryson, supra; Wabash R. Co.* v. *Dykeman, supra.*

It follows that the court erred in appointing a receiver without notice. The interlocutory order appointing a receiver is therefore reversed.