WELFARE LOAN SOCIETY OF ANDERSON *v.* SEWARD.

[No. 24,440. Filed October 26, 1923.]

RECEIVERS.—*Appointment without Notice.*—The appointment of a receiver for a corporation without notice was erroneous where the only evidence on which the receiver was appointed was the verified complaint, which merely averred, as a reason for not giving notice of the application, that the plaintiff believed that the corporation and its officers would do certain acts to the detriment of the corporation if notice was served, unsupported by any statement that they had done or attempted or threatened to do any of those acts, especially where it was not charged that the officers of the corporation were insolvent or nonresidents.

From Madison Superior Court; *Willis S. Ellis,* Judge.

Action by Addie Seward against the Welfare Loan Society of Anderson. From an order appointing a receiver without notice, the defendant appeals. *Reversed.*

*Bagot, Free & Pence,* for appellant.

*Frederick E. Matson, Solon J. Carter, James A. Ross, Robert D. McCord, Adolph Schreiber* and *Austin V. Clifford,* for appellee.

PER CURIAM.—This is an appeal from an order appointing a receiver without notice. The order con-

tained no intimation that the receiver was intended to be temporary, and made no provision for a further hearing on the question whether or not the allegations of the supporting affidavit were true, or whether there might be other facts that would take away the right to have a receiver appointed, even if there were. The complaint was verified by the plaintiff, and seems to have been the sole evidence on which the court acted in making the appointment. The averments by which the petitioner undertook to show that it was necessary to appoint a receiver without first giving notice related solely to an alleged belief of petitioner that appellant and its officers would do certain acts to the detriment of the corporation if notice were served, unsupported by the statement that they had done or attempted or threatened to do any of those acts, or anything from which an inference might arise that such belief was well founded; and the petition did not charge that the officers who, plaintiff alleged, it was feared would sequester the funds of the corporation, were insolvent or were nonresidents of this state.

The case is presented for our consideration by a preliminary motion, and no briefs have been filed by either party, except briefs in support of and in opposition to such motion. But the transcript contains only twenty-five pages, reciting the complaint, the order appointing the receivers, the fact that they gave bond and were sworn, and the taking of the appeal. And this court is of the opinion that the probability of reaching a just result will be furthered by the following judgment, which is therefore rendered:

The judgment is reversed, with directions to the court below to modify the order appointing a receiver so as to provide that the receivership shall be temporary, and shall continue only until a date which the trial court shall fix, not more than ten days after a copy of this

opinion shall have been filed in said court; and that, on said date, at an hour also to be fixed by the trial court, there shall be a hearing on the question whether or not a permanent receiver or receivers shall be then appointed. And if such appointment is then determined upon, a permanent receiver or receivers shall then be appointed as of that date. And it is ordered that this opinion and judgment be certified forthwith to the Superior Court of Madison County, Indiana.