INDIANAPOLIS MACHINERY CO., INC. ET AL. *v.* CURD ET AL.

[No. 30,929. Filed November 16, 1966.]

Alan H. Lobley, Theodore R. Dann, and David M. Lewis, and Ice, Miller, Donadio & Ryan; Dann, Backer & Pecar; and Lewis & Shortridge, of counsel, of Indianapolis, for appellants.

John F. Linder, William H. Krieg, Richard D. Wagner, and David F. Rees, and Krieg, De Vault, Alexander & Capehart, of counsel, of Indianapolis, for appellees.

ARTERBURN, J.—This is an appeal from the appointment *without notice* of a receiver of the assets of the Indianapolis Machinery Co., Inc. Profit Sharing Trust and the Indianapolis Machinery Co., Inc. Profit Sharing Plan. The Plan and the Trust were established in 1952 by the Indianapolis Machinery Co., Inc. for the benefit of its employees and officers upon retirement. Its assets are now in excess of half a million dollars. The written articles of both the Plan and the Trust provided that the board of directors of the employer company should appoint the original management committee and trustees and any successors thereto.

On February 16, 1966 the plaintiffs and appellees herein, claiming to be beneficiaries under the Trust and Plan, filed in the Superior Court of Marion County a verified complaint asking for an accounting, the termination of the Trust and the Plan, the appointment of a receiver *pendente lite* and without notice, and for reasonable attorney fees and costs.

At the time of the filing of the verified complaint the Superior Court of Marion County entered an order appointing a receiver *without notice* upon the verified complaint, and also entered an order fixing the 7th day of March, 1966 "at which time the defendants and each of them shall have an opportunity to show cause, if any, why this court's appointment . . . should not be continued. . . ." The appellants have perfected an appeal from this appointment without notice.

A motion to dismiss the appeal was filed, based on the ground that the appellants have no right to appeal from an order appointing a receiver without notice. Acts 1881 (Spec. Sess.), ch. 38, § 254, p. 240, being Burns' Ind. Stat. Anno. § 3-2603 (1946 Repl.) provides:

". . . in all cases . . . in which a receiver may be appointed or refused the party aggrieved may, within ten days thereafter, appeal from the decision of the court to the Supreme Court, without awaiting the final determination of such case. . . ."

1 Clark, The Law and Practice of Receivers, Sec. 126.4 (3d ed. 1959) seems to indicate that where an order appointing a receiver is "tentative and does not represent the settled action of the court" it is not appealable. However, this statement does not take into consideration a statute such as we have in this State.

In *Fagan, etc., et al.* v. *Clark et al.* (1958), 238 Ind. 22, 27, 148 N. E. 2d 407, 410 we had under consideration the point of time at which the ten-day period began to run for an appeal from the appointment of a receiver. We held there that where notice is given and a hearing is had, that the ten-day period is "calculated from the date of the hearing after notice." That does not necessarily, however, exclude the right to an appeal from an order made without notice and without an opportunity of the opposing party to be heard. We said in the *Fagan* case:

"It would be a sad state of affairs indeed if we should hold that a party against whom a receiver has been appointed without notice has no remedy by way of appeal if the ten day period expires following the appointment before he learns of the receivership or before he has had an adequate opportunity to be heard, yet this seems to be the rationale of appellees' motion to dismiss this appeal."

It is urged that the above case and the case of *Welfare Loan Society* v. *Seward* (1923), 193 Ind. 541, 141 N. E. 221

should be distinguished from the present case before us, since in those cases the court, in its order appointing a receiver without notice, did not fix a time for notice and a prompt hearing. With this contention we cannot agree, except to say that it unquestionably is error for a trial court to appoint a receiver without notice and fix no time whatever for a prompt notice and hearing. Such were the facts in the two cases above. However, even if the court does provide for notice and a prompt hearing in its order of appointment without notice, the aggrieved party may appeal. The statute in no way limits the right to appeal to either the order made without notice or the order made after notice.

We recognize that it might be more prudent or practical in most cases for the aggrieved party to insist upon a prompt and early hearing on the petition for the appointment of a receiver, and even make a motion in court to dissolve the order of appointment without notice before perfecting an appeal, because if, pending the appeal for the order of appointment without notice, the trial court does hold a hearing and after such notice and hearing, either refuses to appoint or appoints a receiver, the issue on the appeal from the order without notice might thereupon become moot.

If the trial court delays or fails to grant a prompt hearing after notice, the aggrieved party, upon demand and refusal, could mandate a prompt hearing from which an appeal could be taken. Be that as it may, however, as we view the statute on appeals in this case, the appellant has the right "in all cases" if he so desires, to appeal from the order appointing a receiver, running the risk that the appeal might be moot before its final determination in this Court.

In this case, although the court fixed a date of hearing after notice for March 7, 1966, there is no showing in the record that there has been any hearing on the merits of the petition for the appointment of a receiver *pendente lite*. Incidentally, it is urged that the notice in this case is

one "to show cause," which places the burden on the defendant to resist the appointment. Although the notice may not be in proper form, it is sufficient, and it cannot and does not shift the burden of proof from the petitioner below. *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453.

For the reasons stated, the motion to dismiss the appeal in this case was overruled.

We come now to the question of whether there was sufficient cause for the appointment of a receiver without notice, and in the consideration of this question we must confine ourselves to the verified complaint or application for the appointment of a receiver *pendente lite.*

Acts 1881 (Spec. Sess.), ch. 38, § 253, p. 240, being Burns' Ind. Stat. Anno. § 3-2602 (1946 Repl.) provides:

> "Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit."

Relief by a receivership is an extraordinary remedy and radical in nature. Courts do not look with favor upon such remedies. A plain and clear case must be exhibited for such relief. In the case before us this reasoning is all the more compelling, since the receiver was appointed—not after a hearing—but instead *without notice.*

> "In considering this question it should be kept in mind that the receiver was appointed *without notice.* Such *ex parte* hearings are to be avoided where possible. It is only in the extreme cases that a court may exercise such unusual powers. There must exist a pressing emergency which shows that waste, loss or distribution of property will probably occur before reasonable notice can be given and the parties heard and the lack of any other available remedy before a court may appoint a receiver on an *ex parte* hearing." *Fagen, etc., et al.* v. *Clark, et al.* (1958), 238 Ind. 22, 26, 148 N. E. 2d 407, 409.

In this appeal from an order appointing a receiver *without notice,* the first issue presented for our consideration is

whether or not a sufficient emergency was shown to warrant the appointment of a receiver *before a notice could be given* and whether irreparable injury would result if the receiver were appointed only after notice and hearing. For this purpose, the verified complaint and application for the appointment without notice must be examined. The appellees themselves set out and itemize the grounds in their own behalf in their brief. They state the affidavit shows:

(a) That the assets of the Trust and Plan of over one half million dollars "are easily transportable outside the State of Indiana and beyond the jurisdiction of the trial court and this court."

(b) The Trust and assets were not docketed in any court or under the supervision of any court.

(c) That the board of directors of the Indianapolis Machinery Co., Inc. were in control of the Plan and the Trust and appointed successor trustees and could remove any trustee or member of the management committee without cause.

(d) That as a result, three of the named appellants, members of the board of directors of the corporation and also trustees "have the power, within a matter of hours, to remove the assets of the Trust beyond the jurisdiction of the trial court."

(e) "The appellant Louis J. Borinstein is eighty-five years old and the appellant Edwin E. Letzter is eighty years old. Their normal retirement date was December 1, 1954. These three appellants, namely, Louis J. Borinstein, Edwin E. Letzter and Marcus A. Feinberg, therefore, had it within their power to accomplish within a matter of hours or even minutes the retirement of Louis J. Borinstein and Edwin E. Letzter and the payment to them out of the assets of the Trust of 'approximately $95,000.00 ... in excess of the sums of money to which said defendants Louis J. Borinstein and Edwin E. Letzter are properly and legally entitled.' "

Subsequent items alleged were to the effect that in *1963* the defendants Feinberg, Borinstein and Letzter committed breaches of trust in which they sold shares of stock which were assets of the Trust and Plan "on the market" at a lesser price than they could have sold privately to another corpora-

tion. The application for a receiver was filed about three years later. Finally appellees state:

> "As shown by paragraphs (a), (b), (c) and (d) above, appellants Louis J. Borinstein, Edwin E. Letzter and Marcus A. Feinberg had the power and ample time and opportunity to place the assets of the Trust and the trustees and members of the committee of the Trust and Plan beyond the jurisdiction of the trial and this court in the interim of time between the filing of the complaint, service of summons, the giving of notice of hearing on appellees' application for the appointment of a receiver pendente lite, and the trial of such application. As shown by paragraph (e) above, said appellants, in the same period of time, would have had the ample opportunity and the power to accomplish the retirement of the appellants Louis J. Borinstein and Edwin E. Letzter as purported employees of the company and the payment to them out of the assets of the Trust of approximately $95,000.00 in excess of the amount to which they are legally entitled."

> "Would they have exercised such power and thereby defeated any opportunity of subjecting the assets of the Trust and possibly their actions to the jurisdiction of the trial court and this court? This question cannot be answered positively. No man can ever know for certain precisely what is in the mind of another. . . ."

It will be noticed from this analysis of their own petition for a receiver *without notice* that there is no showing of any immediate threat to the assets. It is alleged that these parties defendant "could" abscond with or remove the assets. Aside from conclusions of the pleader, there are no facts alleged which show that these defendants intend to do any such illegal act. Property may not be taken from persons acting as legally appointed trustees, arbitrarily and without notice, unless it is *clearly first shown by facts specifically alleged* (not conclusions) *that they threaten* to and that they plan to, unless restrained and stopped, dissipate, conceal or embezzle such assets *before notice can be given.* No such facts are alleged here.

At another point appellants urge that Mr. Letzter and Mr. Borinstein are very old and might die, and if they should

die, the trustees might pay the money out of the Trust to their beneficiaries and they "might not be within the jurisdiction of the court." It is difficult for us to believe that the mere possibility or probability that a given person may die in the future or even in the immediate future, justifies the appointment of a receiver without notice. There is no showing that these gentlemen are ill or are in imminent danger of dying. We know of no law which prevents a person eighty or eighty-five years old from acting as a trustee if he is competent, physically and mentally.

Nor is the fact that an officer or trustee "could" conceal assets or embezzle assets a reason for appointing a receiver without notice. We need not give illustrations because they are too numerous to mention where persons in positions of trust and confidence may, if they see fit, or could, if they so desired, embezzle or conceal funds. As a matter of fact, many such persons are put into that position of trust and confidence because those relying upon them feel they will not so act in violation of their trust. Receivers may not be appointed *without notice* merely because a party "believes" that there is danger of loss of assets or merely because parties holding the assets "could" dissipate them or conceal them. The mere possibility or potentiality of doing injury or violating the law cannot be made the basis alone for equitable interference by a court. If such were the law, every person and every business would be subject to being taken over by a court, and even a court and a judge has such possibility and "could" violate the law.

As a matter of fact, as we look over the allegations made here for the appointment of a receiver without notice, we realize there would be many hundreds of trusts and other business organizations of various kinds that would fall within the limits of the grounds urged by the appellees in this action for the appointment of a receiver without notice. No doubt there are many trusts and other various business organizations in which a board of directors also control a trust fund

and appoint trustees and successor trustees, and under the terms of the trust instrument they may remove any trustee or member of a committee without cause. We know of no illegality in that respect if the parties establishing a trust so expressly provide.

If we were to use the grounds here urged for the appointment of a receiver as standards, thus establishing a precedent in this State, countless institutions and businesses could be wrongfully forced into receivership.

The main controversy here seems to be that two elderly gentlemen could have retired at age 65, but instead stayed on as members of the board of directors and as trustees and members of the committee of the Plan and the Trust. As a result, they are getting a greater share in the distribution than the appellees herein think they are entitled and are getting certain tax benefits under the Plan, to which the appellees think such members are not entitled. It is urged that by reason of their refusal to retire, they are securing an unfair portion of the funds distributed under the Trust and the Plan. To us, this creates no sufficient emergency for the appointment of a receiver *without notice*. It seems to us all the grounds herein alleged for the appointment of a receiver without notice could have been anticipated (and were well known) in ample time to have filed this action so as to give notice and a hearing, as the most elementary principles of due process require. The occasions are very few and rare indeed, in which notice cannot be given for the appointment of a receiver. The law looks with disfavor upon *ex parte* court action *without notice*.

Finally, there is the further fact to be considered, that if a danger existed, threatening the transfer of funds, a restraining order would have sufficed, and a receiver would not have been necessary. True it is, that a bond would have had to be posted by the petitioner for any damages to the aggrieved party under the statute. We have also stated that in equity a trial court should consider the

necessity of requiring a bond in the appointment of a receiver. The same grounds and reasons exist for the petitioner giving a bond to indemnify the aggrieved party in the case of an erroneous appointment of a receiver, as in the erroneous issuing of a restraining order. *State ex rel. Nineteenth Hole, Inc.* v. *Marion S. Ct.* (1963), 243 Ind. 604, 189 N. E. 2d 421; *Fagan, etc., et al.* v. *Clark et al.* (1958), 238 Ind. 22, 148 N. E. 2d 407.

No bond was required as a condition precedent in this action from the petitioning parties by the court at the time the order was made.

The further argument is made that the failure to give bond where the appointment is made without notice or hearing, violates the due process clause of the Constitution, as well as takes property without just compensation when no bond is required as a condition precedent. U. S. Const. amend. XIV; Ind. Const. Art. 1, § 21; *State ex rel. Nineteenth Hole, Inc.* v. *Marion S. Ct., supra.* It is urged that although no bond was posted in this case, at common law the petitioning party is liable in damages if the appointment is erroneous, and that we should so announce in this case.

The issue as to the personal liability of the petitioner is not before us directly, and is a collateral issue which we are not authorized to determine at this time. The failure, however, to require a bond under the circumstances, is a factor which weighs in the consideration of the propriety of the appointment without notice. The posting of a bond by the appellees could have minimized and reduced the severity of any likely injury to the appellants upon the appointment of a receiver, and such a fact cannot be eliminated in the consideration of the drastic remedy asked by the appellees for the appointment of a receiver without a notice and hearing.

From an examination of the verified application for the appointment of a receiver, we find that:

(1) No emergency existed which would warrant the elimination of a notice and hearing before the appointment of a receiver is made by a court.

(2) No imminently threatened danger of injury or irreparable damage to the appellees is shown to be impending which would warrant the haste on the part of the trial court in making the appointment in this case without notice and hearing, as required by due process.

(3) There is no showing why the application for a receiver could not have been anticipated and filed earlier, in time to give notice and a hearing to the aggrieved party, the appellant here.

For the reasons stated, we find no grounds exist for the appointment of a receiver without notice on the verified application filed in this case.

The trial court is directed to vacate and set aside the order appointing the receiver without notice.

Rakestraw, C. J. and Myers, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 221 N. E. 2d 340.