ENVIRONMENTAL CONTROL SYSTEMS, INC., AN INDIANA CORPORATION, INTERNATIONAL TRADING COMPANY, INC., PETER OSTERCHRIST, LARRY WIST AND JAMES GRESH v. DONAL ALLISON AND THOMAS CASSELL.

[No. 2-574A107. Filed August 1, 1974.]

*Daniel P. Byron, Michael K. Guest, McHale, Cook & Welch,* of Indianapolis, for appellants Environmental Control Systems, Inc., International Trading Company, Inc., Peter Osterchrist and Larry Wist; *F. Robert Lively,* of Indianapolis, for appellant James Gresh.

*Myron H. Budnick, Buschmann, Carr & Schabel,* of Indianapolis, for appellee Donal Allison; *Robert Sheaffer, Sheaffer & Yeager,* of Shelbyville, for appellee Thomas Cassell.

## NATURE OF THE CASE

PER CURIAM.—This is an appeal from an interlocutory order appointing a Receiver, without notice.

## ISSUES

The sole issue to be determined in this appeal is whether the trial court erred in appointing a Receiver without notice for the assets of the defendant-appellant Environmental Control Systems, Inc.

## DECISION

We Reverse.

## DISCUSSION

This is an appeal from an order appointing a Receiver without notice. We note appellees' failure to file a brief upon the merits and that therefore appellants are entitled to reversal upon a prima facie demonstration of error.[1]

---

1. *Capitol Dodge, Inc.* v. *Haley* (1972), 154 Ind. App. 1, 288 N.E.2d 766; *Bill* v. *Bill* (1972), 155 Ind. App. 65, 290 N.E.2d 749.

The applicable statute authorizing the appointment of a Receiver without notice is IC 1971 34-1-12-9, Ind. Ann. Stat. § 3-2602 (Burns 1968 Repl.) and reads as follows:

"Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, *except upon sufficient cause shown by affidavit.*" (Our emphasis)

The plaintiffs' "verified" Complaint and Petition for the Appointment of a Receiver Without Notice was not accompanied by any separate affidavit. The allegations of the plaintiffs' Complaint which are pertinent to the appointment of a Receiver are contained in pleading paragraph I of said Complaint and are as follows:

"2. The defendant corporation, Environmental Control Systems, Inc., is indebted to the plaintiffs for wages and commissions due for which demand has been made and payment denied.

"3. There are due and owing to plaintiffs at this time each individually the sum of $1,539.64, plus such additional wages and commissions as have been earned since the 1st of March, 1974.

"4. The plaintiffs have been informed by the defendants, Environmental Control Systems, Inc., through its officers and by defendant Peter Osterchrist, and defendant Larry Wist, and defendant International Trading Company, Inc., through its officers, and verily believe that the defendant, Environmental Control Systems, Inc., is insolvent and unable to pay its bills.

"5. Plaintiffs have been advised by the various defendants and verily believe that the present management of Environmental Control Systems, Inc. has increased the corporate debt of the defendant Environmental Control Systems, Inc. tenfold since their assumption of control of the board of directors of the company in July of 1974.

"6. Plaintiffs believe that the company is at the present time unable to meet its obligations as they become due, that its assets are being dissipated and removed from the state, and that an emergency exists for an appointment of a receiver without notice, and that the defendants individually, jointly and severally must be enjoined from the further

dispersal of assets of the defendant corporation Environmental Control Systems, Inc., and that unless a receiver is appointed and income of the corporation marshaled immediately the assets of the company will be dissipated and the plaintiffs will suffer irreparable harm as minority stockholders and creditors of Environmental Control Systems, Inc., defendant herein.

"WHEREFORE, your plaintiffs pray that a receiver be appointed without notice for the interest of all creditors and stockholders of Environmental Control Systems, Inc., a defendant herein, to preserve and protect the property of Environmental Control Systems, Inc. and to protect the creditors and minority stockholders of said corporation; and further grant judgment for the plaintiffs for the amount of wages and commissions due them."

The verification of the Complaint is as follows:

"STATE OF INDIANA ⎫
⎬ SS:
COUNTY OF MARION ⎭

"We, Donal Allison and Thomas Cassell, having seen and examined the foregoing Complaint and Petition for Appointment of Receiver Without Notice, affirm under the penalty of perjury that the foregoing representations are true and correct to the best of their knowledge.

s/Donal Allison
_____
Donal Allison

s/Thomas R. Cassell
_____
Thomas Cassell

"Subscribed and sworn to before me a Notary Public in and for said County and State, this 1st day of May, 1974.

"My Commission Expires:

February 7, 1976"

s/Mary Jean Wollenweber
_____
Notary Public

The appellants argue, and rightfully so, that the allegations of the Complaint and the purported verification thereof,

merely alleging and verifying upon belief, are not sufficient upon which to base an order appointing a receiver without notice.

The early case of *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 81 N.E. 494, is dispositive of the issue. In *Henderson* the appeal was from an interlocutory order appointing a receiver without notice. The verification of the complaint was that "all the statements in the complaint are true to the best of his knowledge and belief." The Court stated unequivocally:

"An affidavit that the statements in an application for a receiver or for a temporary restraining order without notice and like applications 'are true to the best of the knowledge and belief of the affiant,' or 'to the best of his information and belief,' is insufficient and is not admissible in evidence at the hearing of such application. Such application or petition, to be admissible evidence, must be verified in positive terms. Alderson, Receivers, §§ 113, 115; High, Receivers (3d ed.), § 112, p. 97; 2 Beach, Eq. Prac., § 729; 1 High, Injunctions (4th ed.), § 35; 2 High, Injunctions (4th ed.), §§ 1567, 1569, 1574, 1575, 1581; Gibson, Suits in Chancery, § 818; *Siegmund* v. *Ascher* (1890), 37 Ill. App. 122; *Nusbaum* v. *Locke* (1893), 53 Ill. App. 242, 244; *Grandin* v. *LaBar* (1891), 2 N. Dak. 206, 213-216, 50 N.W. 151; *New South, etc., Loan Assn.* v. *Willingham* (1893), 93 Ga. 218, 18 S.E. 435; *Cofer* v. *Acherson* (1858), 6 Iowa 502; *French* v. *Gifford* (1870), 30 Iowa 148, 161; *Verplank* v. *Mercantile Ins. Co.* (1831), 2 Paige (N.Y.) *435, *450; *Burgess & Co.* v. *Martin* (1895), 111 Ala. 656, 20 South. 506; *Thompson* v. *Tower Mfg. Co.* (1888), 87 Ala. 733, 6 South. 928; *City of Atchison* v. *Bartholow* (1866), 4 Kan. 124; *Harrison* v. *Beard* (1883), 30 Kan. 532, 533, 2 Pac. 632; *Davis* v. *Reaves* (1879), 2 Lea (Tenn.) 649, 650-652; *Campbell* v. *Morrison* (1838), 7 Paige (N.Y.) *157; *Bank of Orleans* v. *Skinner* (1841), 9 Paige (N.Y.) *305; *Youngblood* v. *Schamp* (1862), 15 N.J. Eq. 42; *Manistique Lumbering Co.* v. *Lovejoy* (1884), 55 Mich. 189, 20 N.W. 899; *Brooks & Hardy* v. *O'Hara Bros.* (1881), 8 Fed. 529; *Ballard* v. *Eckman* (1884), 20 Fla. 661, 675, 676."

Our Supreme Court, in the later case of *Second R. E. Inv., Inc.* v. *Johann, Jr., Adm. dbn, et al.* (1952), 232 Ind. 24, 111 N.E.2d 467, expounded on the reason for the requirement that

a receiver be appointed without notice only upon affidavit or verified complaint. There, the Court, speaking by Judge Emmert stated:

"When a receiver is appointed without notice the only evidence under § 3-2602, Burns' 1946 Replacement, which is proper to be considered by the court, must be in the form of affidavits, which also may include the verified complaint. *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N.E. 339; *Tormohlen* v. *Tormohlen* (1936), 210 Ind. 328, 332, 1 N.E.2d 596. Commenting on this requirement of the statute, this court, in *Sullivan Electric Light and Power Co.* v. *Blue* (1895), 142 Ind. 407, 417, 41 N.E. 805, said: 'There the statute quoted has wholesomely provided that cause for an appointment of a receiver without notice to the adverse party must be shown by affidavit. That implies that it must be in writing and filed as the cause of such appointment. Thus the adverse party may know the exact facts upon which the judge acted in appointing a receiver in his absence and wresting from him the control of his property without a hearing or an opportunity for such hearing. . . .' "

The Courts have held that *ex parte* proceedings are viewed with disfavor, should be avoided where possible, and that it is only in extreme cases where the Court may exercise unusual powers and appoint a receiver without notice. In *Fagan, etc., et al.* v. *Clark, et al.* (1957), 238 Ind. 22, 148 N.E.2d 407, the Court stated:

"Such *ex parte* hearings are to be avoided where possible. It is only in extreme cases that a court may exercise such unusual powers. There must exist a pressing emergency which shows that waste, loss or destruction of property will *probably* occur before reasonable notice can be given and the parties heard and the lack of any other available remedy before a court may appoint a receiver on an *ex parte* hearing. . . . (Emphasis supplied)

"Relief by receivership is an extraordinary remedy and is never exercised if there is an adequate remedy at law or the harm can be prevented by injunction or restraining order. In the latter instance a bond affords some protection against an improvident order made for such equitable relief. However, in the case of a receivership, the statute does not provide for any bond indemnifying the injured

party in case of an erroneous appointment of a receiver.[2] Because of the radical nature of the remedy through receivership, this court does not look with favor upon an appointment without notice. *Rotan* v. *Cummins* (1957), 236 Ind. 394, 140 N.E.2d 505; *Second R. E. Inv., Inc.* v. *Johann, Jr. Adm. dbn et al.* (1953), 232 Ind. 24, 111 N.E.2d 467; *Morris* v. *Nixon* (1945), 223 Ind. 530, 62 N.E.2d 772."

Since all that is before the Court for its consideration in *ex parte* proceedings for the appointment of a receiver without notice is the plaintiff's Complaint and the affidavit in support, it is of utmost importance that the Complaint conform to the requirements of the statute as to what must be pleaded, and the verification thereon.

In the case of *Johann & Sons Co., Inc.* v. *Bergas* (1957), 238 Ind. 265, 150 N.E.2d 568, the Supreme Court set out the proper form of a complaint for the appointment of a receiver without notice, and what such a complaint must state, as follows:

"1. The complaint must affirmatively show (a) a probability that plaintiff will be entitled to judgment; (b) that there not only is cause for the appointment of a receiver, but that there is sufficient cause for such appointment without notice; and (c) that plaintiff's rights cannot be protected by a restraining order or other adequate remedy, and if this is shown, then it must be further shown that the emergency necessitating the appointment could not have been anticipated in time to give notice or that waste or loss is threatened and delay until notice can be given will defeat the object of the suit.

"2. The only evidence which is proper under § 3-2602, *supra,* to be considered by the trial court must be in the form of affidavits, which may include or consist of the verified complaint.

"3. The facts justifying the relief sought must be shown by the affidavits or verified complaint, and mere conclusions of a plaintiff will not suffice." (footnotes omitted)

In the case of *Indianapolis Mach. Co.* v. *Curd, et al.* (1966), 247 Ind. 657, 221 N.E.2d 340, the Supreme Court reversed the

2. Though the trial court here ordered a $10,000 bond posted before an order appointing a receiver would issue, the record does not disclose that such bond was ever filed by or on behalf of appellees.

action of the trial court in appointing a receiver without notice. In that case, the Complaint did not plead specific facts. The Supreme Court stated:

"It will be noticed from this analysis of their own petition for a receiver *without notice* that there is no showing of any immediate threat to the assets. It is alleged that these parties defendant 'could' abscond with or remove the assets. Aside from conclusions of the pleader, there are no facts alleged which show that these defendants intend to do any such illegal act. Property may not be taken from persons acting as legally appointed trustees, arbitrarily and without notice, unless it is *clearly first shown by facts specifically alleged* (not conclusions) *that they threaten* to and that they plan to, unless restrained and stopped, dissipate, conceal or embezzle such assets *before notice can be given.* No such facts are alleged here."

In the recent case of *Inner-City Contractors* v. *Jolley* (1972), 257 Ind. 593, 277 N.E.2d 158, the Supreme Court reiterated the language from the above quoted cases and again held that the mere pleading of conclusions is not sufficient to cause a receiver to be appointed without notice. Justice Givan, speaking for the Court stated:

"We observe these allegations to be merely ultimate conclusions drawn on the part of the appellee. These conclusions are not supported by specific statements of facts sufficient to authorize the appointment of a receiver without notice under the authority of the above cited cases. The complaint of the appellee does nothing more than allege conclusions which may or may not be supported by evidentiary facts. We therefore, hold the trial court erred in appointing a receiver without notice upon the facts alleged in appellee's complaint."

Turning now to the case before us, in comparing the Complaint herein to the language contained in all of the above and foregoing cases, it is readily apparent that it totally fails in two respects. First, the allegations are couched in terms that are merely conclusionary statements, some of them heresay, supported only by plaintiffs' statements that "they believe" or as they "verily believe." No facts are pleaded

upon which the drastic, extraordinary remedy of the appointment of a receiver without notice could properly be founded.

A dramatic example of the deficiency of appellees' complaint, which was filed *May* 1, 1974, is the clairvoyant allegation that "the *present* management . . . *has* increased the corporate debt . . . tenfold *since* their assumption of control . . . in *July* of 1974." It is obvious that the allegation as a statement of present fact is erroneous since on the date the complaint was filed, the "assumption of management control" by the individual defendants was two months in the future. At best the allegation may be taken as a conclusion that defendants *might* in the future dissipate or encumber corporate assets. *Indianapolis Machine Co.* v. *Curd, supra,* is dispositive in this respect:

> "Receivers may not be appointed *without notice* merely because a party 'believes' that there is danger of loss of assets or merely because parties holding the assets 'could' dissipate them or conceal them. The mere possibility or potentiality of doing injury or violating the law cannot be made the basis alone for equitable interference by a court. If such were the law, every person and every business would be subject to being taken over by a court, and even a court and a judge has such possibility and 'could' violate the law." 247 Ind. at 665.

Additionally, the Complaint is not supported by a separate affidavit, and the Complaint itself is not verified in positive terms.

For the above and foregoing reasons, we find that the trial court erred in the appointment of a receiver without notice.

This cause is remanded, and the trial court is directed to vacate and set aside the order appointing the receiver without notice, and the further orders, entered pursuant to the appointment of a receiver without notice, and for further proceedings in this cause not inconsistent with this opinion.

NOTE.—Reported at 314 N.E.2d 820.